IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID KENNETH RUSSELL CREE,

    Petitioner,                     No. CIV S-08-0487 MCE DAD P

    vs.

D.K. SISTO, Warden,

    Respondent.                   ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 6, 2008, the undersigned ordered respondent to file a response to the petition. On August 4, 2008, respondent filed a motion to dismiss on the ground that petitioner filed his petition beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed a timely opposition to respondent's motion to dismiss. Respondent has not filed a reply.

        For reasons discussed herein, the court will not issue findings and recommendations on the pending motion to dismiss at this time. Rather, the court will provide petitioner with an opportunity to file a supplemental brief with respect to his claim that he is entitled to a delayed commencement of the running of the AEDPA statute of limitations under §

/////

1

2244(d)(1)(B) or, alternatively, is entitled to equitable tolling. The court will also provide respondent with an opportunity to reply to petitioner's supplemental submission.

## BACKGROUND

In 2003, a Yolo County Superior Court jury convicted petitioner of one count of second-degree murder and one count of attempted voluntary manslaughter. (Docs. Lodged by Resp't Aug. 4, 2008, Doc. 1.) The trial court sentenced petitioner to fifteen years to life in state prison for second-degree murder and a consecutive determinate prison term of five and one-half years for the attempted voluntary manslaughter. (Id.) On September 13, 2005, the California Court of Appeal for the Third Appellate District affirmed petitioner's conviction for second-degree murder but reversed his conviction for attempted voluntary manslaughter. (Id.) On December 21, 2005, the California Supreme Court denied review. (Id., Docs. 2-3.)

Petitioner filed four state collateral challenges to his judgment of conviction. On or about November 28, 2006, he filed a petition for writ of habeas corpus in the Yolo County Superior Court. On February 2, 2007, the court denied the petition on the grounds that it failed to state a prima facie case and contained issues that could have been raised on direct appeal. (Docs. Lodged by Resp't Aug. 4, 2008, Docs. 4-5.) On or about March 7, 2007, petitioner filed a second petition for writ of habeas corpus in the Yolo County Superior Court. On May 8, 2007, the court denied the petition, again on the grounds that it failed to state a prima facie case and citing the decision in In re Clark, 5 Cal. 4th 750 (1993). (Id., Docs. 6-7.) On or about June 22, 2007, petitioner filed a petition writ of habeas corpus in the California Court of Appeal for the Third Appellate District and on July 6, 2007, that court summarily denied the petition. (Id., Docs. 8-9.) On or about August 21, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which that court summarily denied on February 13, 2008. (Id., Docs. 10-11.)

On February 29, 2008, petitioner filed the instant federal petition.

/////

**RESPONDENT'S MOTION TO DISMISS**

Respondent has filed a motion to dismiss on the ground that petitioner's habeas petition is time-barred under AEDPA. Respondent argues that the California Supreme Court denied petitioner's petition for review on December 21, 2005, causing petitioner's judgment of conviction to become "final" on March 21, 2006, after the time for filing a petition for writ of certiorari expired. Under AEDPA, respondent argues that the one-year statute of limitations period for filing a federal habeas petition began to run the following day, on March 22, 2006, and expired on March 21, 2007. (Resp't's Mot. to Dismiss at 1 & 3.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year AEDPA statute of limitations period. Respondent argues that, under the mailbox rule, petitioner filed his first state habeas petition on November 26, 2006, more than eight months after the statute of limitations for filing a federal petition commenced running. Respondent does not contend that this first state habeas petition was improperly filed. Consequently, according to respondent, petitioner is entitled to tolling from November 26, 2006, the date petitioner mailed that petition, through February 2, 2007, the date the Yolo County Superior Court denied it. (Resp't's Mot. to Dismiss at 3-4.)

Respondent observes that petitioner filed his second state habeas petition in the Yolo County Superior Court on March 7, 2007. Respondent argues that the Superior Court denied that petition as untimely, as indicated by its citation to the decision in In re Clark. Respondent contends that an untimely petition is not "properly filed" and does not toll the statute of limitations. Consequently, according to respondent, petitioner is not entitled to tolling while his second petition was pending before the Yolo County Superior Court. (Resp't's Mot. to Dismiss at 4-5.)

Finally, respondent argues that petitioner filed his state habeas petitions with the California Court of Appeal and California Supreme Court after the AEDPA statute of limitations expired. In this regard, respondent contends that the limitations period was only tolled for 69

3

days while petitioner's first state habeas petition in the Superior Court was pending and began to run once again on February 3, 2007, until it expired on May 29, 2007.  Respondent argues that petitioner did not file his petition with the California Court of Appeal until June 20, 2007, and his petition in the California Supreme Court until August 17, 2008.  According to respondent, those petitions do not serve to toll the statute of limitations because the filing of a state collateral action after expiration of the limitations period does not save a claim from being time-barred. (Resp't's Mot. to Dismiss at 5.)

Respondent concludes that, because the statute of limitations commenced on March 22, 2006, and expired on May 29, 2007, petitioner's federal habeas petition filed in this court on March 4, 2008, is untimely.  (Resp't's Mot. to Dismiss at 5-6.)

**PETITIONER'S OPPOSITION**

In opposition to respondent's motion to dismiss, petitioner does not dispute the filing dates that respondent has set forth in his motion.  However, petitioner argues that, while he was preparing his first state habeas petition, he was twice transferred from state prison to the Yolo County Jail where he was held from May 10, 2006 to September 27, 2006, and again for an additional forty-five days commencing October 13, 2006, to testify in his co-defendant's second trial.  During this time, he maintains that he did not have access to his legal materials and could not adequately prepare his state habeas petition.  Petitioner argues that he filed his first state habeas petition immediately after his return to state prison from the Yolo County Jail and contends that the time he spent at the Yolo County Jail "should toll" the limitations period under § 2244(d)(1)(B).  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2 & 4-5.)

Petitioner next argues that he properly filed his second state habeas petition filed with the Yolo County Superior Court.  Petitioner explains that, while his first petition to that court was pending, the appellate court in his co-defendant's case ruled that his co-defendant's confession was inadmissible.  Petitioner notes that his appellate counsel claimed that, even if the appellate court had found his co-defendant's confession inadmissible, it would not help

4

petitioner's case.  Petitioner, however, disagreed with this position because the inadmissible confession was at the heart of the prosecution's case against him.  In addition, petitioner argues that he did not want to bring a "mixed petition" to the state appellate court and therefore had to present his new ineffective assistance of counsel claim first to the Yolo County Superior Court. In this regard, petitioner maintains that his second petition before the Superior Court was properly filed and should serve to toll the statute of limitations.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2-3.)

## ANALYSIS

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

/////

1  The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed
2  after the statute was enacted and therefore applies to pending petition.  See Lindh v. Murphy, 521
3  U.S. 320, 322-23 (1997).
4  II.  Application of § 2244(d)(1)(A)
5            It is undisputed that in 2003 a Yolo County Superior Court jury convicted
6  petitioner of one count of second-degree murder and one count of attempted voluntary
7  manslaughter.  It is also undisputed that on September 13, 2005, the California Court of Appeal
8  affirmed petitioner's conviction for second-degree murder but reversed his conviction for
9  attempted voluntary manslaughter, and on December 21, 2005, the California Supreme Court
10 denied review.  For purposes of federal habeas review, petitioner's conviction became final on
11 March 21, 2006, ninety days after the California Supreme Court's denial of his petition for
12 review, and the AEDPA one-year statute of limitations period began to run the following day, on
13 March 22, 2006.  The statute of limitations for the filing of a federal habeas petition therefore
14 expired on March 21, 2007 absent any applicable tolling.  Under the mailbox rule, petitioner did
15 not file his federal habeas petition until nearly a year later, on February 29, 2008.  Accordingly,
16 petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the
17 benefit of tolling.
18 III.  Statutory Tolling
19            "The time during which a properly filed application for State post-conviction or
20 other collateral review with respect to the pertinent judgment or claim is pending shall not be
21 counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of
22 limitations is not tolled during the interval between the date on which a judgment becomes final
23 and the date on which the petitioner files his first state collateral challenge because there is no
24 case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner
25 commences state collateral proceedings, a state habeas petition is "pending" during a full round
26 of review in the state courts, including the time between a lower court decision and the filing of a

1 new petition in a higher court, as long as the intervals between the filing of those petitions are
2 "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

3 Respondent concedes that petitioner is entitled to tolling from November 26,
4 2006, the date petitioner mailed his first state habeas petition to the Yolo County Superior Court,
5 through February 2, 2007, the date the Superior Court denied the petition. However, respondent
6 argues that petitioner is not entitled to tolling for the period of time his second petition was
7 pending before that same court because the petition was denied as untimely, as indicated by the
8 court's citation to In re Clark. Respondent assumes too much in this regard. In denying the
9 second habeas petition filed before it, the Yolo County Superior Court merely stated:

> The petition for writ of habeas corpus is SUMMARILY DENIED.
> Petitioner has failed to make a prima facie showing that he is
> entitled to relief. (*In re Clark* (1993) 5 Cal.4th 750; Rule 4.551(g),
> Cal Rules of Court.)

13 (Docs. Lodged by Resp't Aug. 4, 2008, Doc. 5.) The court then proceeded to reviews the facts of
14 petitioner's case and recognized his new claim of ineffective assistance of counsel. (Id.) The
15 court concluded that petitioner failed to make a prima facie case that he was entitled to relief on
16 this theory and dismissed the case. (Id. at 3.)

17 Respondent correctly notes that, when a state court determines that a state post-
18 conviction petition is untimely, that is the end of the matter for purposes of § 2244(d)(2). See,
19 e.g., Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007); Bonner v. Carey, 425 F.3d 1145,
20 1148 (9th Cir. 2005). Thus, for example, in Thorson, the Ninth Circuit held that a state habeas
21 corpus petition denied with citation to "the very page of Robbins that sets forth 'the basic
22 analytical framework' governing California's timeliness determinations in habeas corpus
23 proceedings" was a clear ruling that the state petition was untimely and therefore not properly
24 filed. Thorson, 479 F.3d at 645. Similarly in Bonner, the Ninth Circuit held that the California
25 Superior Court clearly denied a state habeas petition as untimely because the court's language
26 /////

tracked California's requirement that, to avoid the state's timeliness bar, a petitioner must demonstrate good cause for his delay. Bonner, 425 F.3d at 1148.

However, unlike the situations confronted in Thorson and Bonner, it is not at all clear in this case that the Yolo County Superior Court rejected petitioner's second habeas petition filed with that court as untimely when it summarily denied that petition with citation to In re Clark. See e.g., Williams v. Carey, No. C 05-3891 RMW, 2008 WL 902175 (N.D. Cal. Mar. 31, 2008) (California Supreme Court's order denying petition for writ of habeas corpus with citations to In re Clark, In re Dixon, and In re Lindley was not a clear ruling that petitioner's state petition was untimely). In In re Clark, the California Supreme Court held that "the general rule is still that, absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied." 5 Cal. 4th at 797. In In re Clark, the California Supreme Court also discussed at length the exceptions to the procedural bars to successive or untimely petitions as well the appropriate standards for the application of those exceptions and other limitations on collateral actions in state court. Id. Thus, the Yolo County Superior Court's general citation to the decision in In re Clark could be a reference to the procedural bar on successive petitions or to some other bar, unrelated to the timeliness of the petition. Moreover, unlike in Thorson, the Superior Court here did not cite to any specific page of the decision in In re Clark thereby indicating that its "summary denial" was based on timeliness grounds. Accordingly, under the circumstances of this case, this court cannot say that the Yolo County Superior Court clearly ruled that petitioner's second state habeas petition was untimely.

It may be that petitioner is nevertheless not entitled to statutory tolling for the period his second habeas petition was pending before the Yolo County Superior Court because his second petition may have commenced a separate round of review. See Delhomme v. Ramirez, 340 F.3d 817, 820-21 (9th Cir. 2003) (filing of a new habeas petition at the same or lower level triggers a separate round of collateral review for statute of limitations/tolling

purposes); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) ("an application for post conviction relief is pending during the 'intervals between a *lower* court decision and a filing of a new petition in a *higher* court.'"); see also Carey, 536 U.S. at 223 ("We find that California's system functions in ways sufficiently like other state systems of collateral review to bring intervals between a lower court decision and a filing of a new petition in a higher court within the scope of the statutory word 'pending.'").  However, it is unclear whether that is the case where, as petitioner argues, the new claim presented in the second petition to the Superior Court was one which did not even arise until after the first state petition was filed.

Assuming for the sake of argument, and without deciding, that respondent is correct that more than eight months elapsed on the statute of limitations between petitioner's final judgment of conviction and the filing of his first state habeas petition, and more than four months elapsed while petitioner's second habeas petition was pending, the AEDPA statute of limitations may have expired and petitioner's petitions to the California Court of Appeal and California Supreme Court, which were filed thereafter, would not serve to toll the statute of limitations.  Under this calculation, petitioner's federal petition would be untimely.  However, for reasons discussed below, petitioner's contentions regarding his temporary transfers from state prison to the Yolo County Jail to testify in his co-defendant's second trial merit further attention and additional briefing.

IV. Outstanding Issues Requiring Supplemental Briefing

As noted above, petitioner contends that he was transferred from his prison to the Yolo County Jail on two separate occasions to testify in his co-defendant's second trial.  Citing 28 U.S.C. § 2244(d)(1)(B), he argues that this time "should toll" because through no fault of his own, he did not have access to his legal materials necessary to file his first petition for writ of habeas corpus. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 4.)

Under § 2244(d)(1)(B), petitioner may be entitled to a later start date of the AEDPA statute of limitations if the state, in violation of the Constitution or laws of the United

States, created an impediment to his filing of a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(B).  In addition, although petitioner relies upon § 2244(d)(1)(B) in support of his argument in this regard, his claim also appears to be one of entitlement to equitable tolling.[1]  See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1028 (9th Cir. 2005) ("Because Espinoza-Matthews was denied access to his legal materials for the duration in which he was housed in Ad/Seg, we will toll the statute of limitations for that entire period[.]"); Lott, 304 F.3d at 921-24 (a petitioner who was denied access to his legal files for 82 days during two temporary transfers and obtained the return of those materials shortly before the AEDPA statute of limitations expired had encountered extraordinary circumstances sufficient to warrant equitable tolling); see also Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (It is "unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period" without access to his legal file); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.").

Here, it is not clear from petitioner's allegations whether prison or jail officials deprived him of access to his legal materials in violation of the Constitution or laws of the United States for purposes of § 2244(d)(1)(B) or whether such a deprivation constituted an extraordinary circumstance standing in the way of a timely filing for purposes of equitable tolling.  If, however, petitioner is entitled to a delayed commencement of the running of the statute of limitations or to equitable tolling for the time he spent in the Yolo County Jail, the statute of limitations would not have expired by the time he filed his petitions with the California Court of Appeal and California Supreme Court.  Those petitions, having been properly filed with reasonable intervals

---

[1] The United States Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  See also Lawrence v. Florida, 549 U.S. 327, ___, 127 S. Ct. 1079, 1085 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)).

between each filing, would toll the statute of limitations and petitioner's federal petition would be timely.

Of course, the determination of whether grounds exist for equitable tolling are highly fact dependent and often require the appropriate development of the record. Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000); see also Roy v. Lampert, 465 F.3d 964, 973-74 (9th Cir. 2006); Mendoza v. Carey, 449 F.3d 1065, 1068-69 (9th Cir. 2006); Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002).  In light of the circumstances of this case set forth above, the court finds it appropriate to grant petitioner leave to file a supplemental brief along with any evidence, including his own declaration signed under penalty of perjury, to demonstrate how and to what extent prison or jail officials denied him access to his legal materials while he was housed at the Yolo County Jail.  In this regard, in his declaration petitioner should specify the precise dates he was housed at the Yolo County Jail, what legal materials he sought while there, how often he sought legal materials, and when his legal materials were finally made available to him along with any other facts that support his arguments with respect to the tolling of the statute of limitations.

Finally, although respondent had an opportunity to file a reply to petitioner's opposition but chose not to do so, the court will nonetheless provide respondent an opportunity to contest any supplemental evidence or argument submitted by petitioner.  Thereafter, the court will issue findings and recommendations with respect to the pending motion to dismiss.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of this order, petitioner shall file a supplemental brief with his own declaration addressing the subjects identified above; and

/////

/////

/////

1    2.  Within fifteen days of being served with petitioner's supplemental brief and
declaration, respondent may file a reply.

DATED: October 17, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cree0487.supp