UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID KENNETH RUSSELL CREE**, <br><br> Petitioner, <br><br> v. <br><br> **D.K. SISTO, Warden**, <br><br> Respondent. | No. 2:08-cv-00487-AK <br><br> **ORDER** |

Cree sawed down a shotgun, packed up some ammunition and drank some beers with his friend Lamkin before heading out of the house. The two told Lamkin's friend that they had to handle something, but not to worry. She should have worried. Cree drove around with Lamkin and pulled over to talk to two men he saw walking down the street. After some small talk, Lamkin shot both men, killing one of them. He later told police that one of the victims had stabbed him and Cree earlier that year. The jury convicted both Cree and Lamkin of second degree murder and attempted voluntary manslaughter.

The California Court of Appeal reversed Lamkin's convictions because he hadn't been given adequate <u>Miranda</u> warnings. It reversed Cree's conviction for attempted voluntary manslaughter but affirmed his conviction for second degree murder. The California Supreme Court denied Cree's petition for review. Cree filed

four unsuccessful state habeas petitions, and then filed the federal habeas petition that is now before me. In reviewing each of his claims, I've looked to the last reasoned state-court decision. See McNeal v. Adams, 623 F.3d 1283, 1287 (9th Cir. 2010).

    **1.** Cree argues that using Lamkin's recorded statements to the police against him violated his confrontation rights under Bruton v. United States, 391 U.S. 123 (1968). The state superior court summarily denied Cree's habeas petition because he failed to raise the issue on direct review. See In re Cree, No. HC CR 06-28 (Cal. Super. Ct. Feb. 2, 2007) (order) (citing In re Dixon, 264 P.2d 513 (Cal. 1953)). If the Dixon rule is an independent and adequate state ground for denying relief, it bars federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Once the government pleads the existence of an independent and adequate state ground, the burden shifts to petitioner to "place that defense in issue." Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003). Only then does the burden shift back to the government to prove such a ground exists. Id.

    The Dixon rule is independent, because it is applied without any consideration of federal law. See Brown v. Subia, No. 2:06-cv-2360, 2009 WL 1118871, at *6 (E.D. Cal. Apr. 27, 2009); Protsman v. Pliler, 318 F. Supp. 2d 1004, 1006–08 (S.D. Cal. 2004). The real question is whether the rule is adequate: "clear, consistently

applied, and well-established at the time of the petitioner's purported default." Collier v. Bayer, 408 F.3d 1279, 1284 (9th Cir. 2005) (internal quotation mark omitted). Cree could have challenged the rule by "asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." Bennett, 322 F.3d at 585–86. But he hasn't alleged that the rule is unclear, disputed that it's well-established or cited a single state case showing that it's been inconsistently applied. Cree failed to shift the burden back to the government.

Nor is there existing Ninth Circuit precedent holding that the Dixon rule is inadequate. Such precedent would have allowed Cree to "fulfill [his] burden under Bennett by simply challenging the adequacy of the procedure." King v. LaMarque, 464 F.3d 963, 967 (9th Cir. 2006). But the Ninth Circuit expressly declined to reach the issue in Jackson v. Roe, 425 F.3d 654, 656–57 n.2 (9th Cir. 2005).[1] And district courts have since found the rule to be adequate. E.g., Cantrell v. Evans, No. 2:07-cv-

---

[1] Cree incorrectly claims that the Ninth Circuit has already decided the issue in his favor in three cases cited by the government. Two explained that a denial based on Dixon doesn't preclude federal review in cases decided before In re Robbins, 959 P.2d 311 (Cal. 1998). See La Crosse v. Kernan, 244 F.3d 702, 704, 707 (9th Cir. 2001); Park v. California, 202 F.3d 1146, 1152–53 & n.4 (9th Cir. 2000). But Cree wasn't even convicted until after Robbins. The third case, Bennett v. Mueller, 322 F.3d 573 (9th Cir. 2003), explained that the government has the "ultimate burden of proving the adequacy" of a state bar, but only after the petitioner "place[s] that defense in issue." Id. at 585–86.

page 4

1440, 2010 WL 1170063, at *13–14 (E.D. Cal. Mar. 24, 2010) (McKeown, J., sitting by designation) ("[T]he procedural bar established by In re Dixon . . . . is an adequate and independent state law reason for refusing to reach the merits . . . ."). It was up to Cree to point to at least some evidence to the contrary, and he failed to do so. Cf. Sanchez v. Ryan, 392 F. Supp. 2d 1136, 1138–39 (C.D. Cal. 2005). His claims based on the admission of Lamkin's recorded statements are dismissed as procedurally barred.

   **2.** Cree next argues that his counsel on direct appeal was ineffective for failing to raise the Bruton issue.[2] See Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance claim, Cree "must show that counsel's performance was objectively unreasonable, which in the appellate context requires [him] to demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue." Moormann v. Ryan, No. 08-99035, 2010 WL 4968707, at *4 (9th Cir. Dec. 8, 2010). He must also show prejudice, which means a

---

   [2] The state court summarily denied this claim, citing In re Clark, 855 P.2d 729 (Cal. 1993). The parties read the decision as a denial on procedural grounds. But when the state court cites Clark in finding that the petitioner failed to make out a prima facie case for relief, we construe it as a denial on the merits. See Phelps v. Alameida, 569 F.3d 1120, 1125 n.8 (9th Cir. 2009).

"reasonable probability that, but for appellate counsel's failure to raise the issue, [Cree] would have prevailed in his appeal." Id.

Cree can't demonstrate either deficient performance or prejudice, because there was no Bruton violation to raise on appeal. See Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989) (neither Strickland prong satisfied where appellate counsel declines to raise weak issue). Bruton protects the defendant's right to confront a codefendant who has made incriminating statements against him. See Bruton, 391 U.S. at 126, 127–28; Richardson v. Marsh, 481 U.S. 200, 207 (1987). There's no violation of that right where defendant has the opportunity to cross-examine his codefendant, which is exactly what happened here. See United States v. Sauza-Martinez, 217 F.3d 754, 759 (9th Cir. 2000) ("Bruton is not directly applicable because its holding was premised on the . . . defendant's inability to cross-examine a nontestifying codefendant."); cf. United States v. Morrow, 977 F.2d 222, 225 (6th Cir. 1992) (en banc) ("The cross-examination of Morrow disables [his codefendant]'s claim of constitutional deprivation based on Bruton."); People v. Roberts, 109 Cal. Rptr. 3d 736, 772 (Cal. Ct. App. 2010) ("Roberts had the opportunity to cross-examine [his codefendant]; thus the admission of the previously excluded calls did not violate Aranda–Bruton.").

Arguing <u>Bruton</u> on appeal would also have been futile for a different reason: Cree forfeited any <u>Bruton</u> claim by failing to raise the issue at trial.[3]  <u>See</u> <u>People</u> v. <u>Dykes</u>, 209 P.3d 1, 41 (Cal. 2009); <u>cf.</u> <u>People</u> v. <u>Alvarez</u>, 926 P.2d 365, 382–83 (Cal. 1996).  Even if the state appellate court had reviewed for plain error, Cree would have had to show that the recorded statements "affected the outcome" of his trial.  <u>United States</u> v. <u>Olano</u>, 507 U.S. 725, 734 (1993); <u>see</u> <u>United States</u> v. <u>Guerrero</u>, 756 F.2d 1342, 1348 (9th Cir. 1984).  That would be an impossible task for two reasons.  First, the trial court instructed that the jury could not consider Lamkin's statements against Cree.  Second, there was overwhelming evidence that Cree was at the scene of the crime, including his admission to another witness that he was involved in the shooting.  And once the prosecution established Cree was there, Lamkin's statements actually helped Cree by strengthening his principal defense—that he had no intent to harm the victims and no idea anyone was going to get shot.  Lamkin insisted that Cree "was just there," and that the shooting "wasn't his fault whatsoever."  He made clear that Cree "didn't know" he was going to fire the gun, or why he did it.  In other

---

[3] Cree expressly declined to join Lamkin's motion to suppress the recorded statements, and he never made a <u>Bruton</u> motion to prevent them from being used against him.  Lamkin, by contrast, moved to have statements Cree made excluded under <u>Bruton</u>.

words, Lamkin's statements helped Cree a lot and hurt him very little; excluding them wouldn't have "affected the outcome" of the trial.

Cree's underlying Bruton claim is meritless, so appellate counsel had no obligation to raise it on appeal.  The state court therefore didn't unreasonably apply clearly established federal law when it rejected Cree's ineffective assistance claim.

**3.**  Cree also argues the trial court misled the jury by instructing that an aider and abettor is considered a principal and "equally guilty" of the direct perpetrator's crime, which made it sound like Cree couldn't be convicted of a lesser offense than Lamkin even if he had a less culpable mental state.  See California Jury Instructions—Criminal (CALJIC) 3.00; see also People v. Nero, 104 Cal. Rptr. 3d 616, 626 (Cal. Ct. App. 2010) (criticizing CALJIC 3.00).  Cree didn't object to the instruction, but now claims that it made it impossible for him to argue that the jury should convict him of only involuntary manslaughter.  That's just not true.  The court instructed jurors on the full range of lesser offenses, including involuntary manslaughter, and made clear that they were to "decide separately whether each of the defendants [was] guilty or not guilty" of each charge.[4]  And Cree fully presented

---

[4] The instruction also undermines Cree to the extent he argues that the jury erroneously imputed Lamkin's intent to him.  See Greer v. Miller, 483 U.S. 756, 766 n.8 (1987) (explaining that we presume the jury follows its instructions).  The trial
(continued...)

his theory that he lacked the intent necessary for a murder conviction.  As the state court concluded, if "Cree had a less culpable mental state—for example, if Cree had no idea that Lamkin was going to shoot at people—the jury was free to assess Cree's culpability along the continuum of homicide and attempted homicide provided."

Cree contends that the jury was nonetheless misled into thinking it had to convict him of second degree murder or of nothing at all, and that it chose to convict him of a crime he didn't commit rather than let him walk.  But the Supreme Court has found that this risk of a jury convicting a defendant of a higher, unproven offense rises to the level of a due process violation in <u>capital</u> cases, expressly leaving open whether a trial court must instruct the jury on lesser included offenses in a noncapital case.  See <u>Beck</u> v. <u>Alabama</u>, 447 U.S. 625, 638 & n.14 (1980).  I therefore wouldn't be able to grant habeas relief even if the trial court <u>had</u> failed to instruct on manslaughter and left the jury with the choice Cree says it faced.  See <u>United States</u> v. <u>Rivera-Alonzo</u>, 584 F.3d 829, 834 n.3 (9th Cir. 2009) ("In the context of a habeas corpus review of a state court conviction, we have stated that there is no clearly

---

(...continued)
court made clear that the jury could find that Cree aided and abetted Lamkin only if he had "knowledge of the unlawful purpose of the perpetrator" and "the intent or purpose of committing or encouraging or facilitating the commission of the crime." CALJIC 3.01.  That's why the prosecutor relied on the theory that Cree "knew what was going on" and was actually "calling the shots" on the night of the murder.

established federal constitutional right to lesser included instructions in non-capital cases."). The state court here did not unreasonably apply clearly established federal law when it rejected Cree's CALJIC 3.00 claim.

**4.** Finally, Cree claims that jurors could not have properly convicted him of second degree murder, because there was no way he could have intended to aid Lamkin's "split second decision" to shoot the victims. But that argument quickly falls apart. First, the jury didn't necessarily find that Lamkin made a split-second decision to kill. The trial court's instructions made clear that the jury could equally convict Lamkin of second degree murder if it found that he planned to wound or scare the victims, and consciously disregarded the danger to human life.[5] Second, the jury could have concluded that Cree knew what Lamkin was going to do, and intended to encourage or facilitate the act by giving him a loaded shotgun after he'd been drinking, driving into a dangerous part of town at 4 a.m., pulling over when he saw a person who may have stabbed him and Lamkin earlier in the year and calling him and the other victim over to the car. See CALJIC 3.01. There was no error in

---

[5] The court instructed: "Murder of the second degree is also the unlawful killing of a human being when the killing resulted from an intentional act, the natural consequences of the act are dangerous to human life, and the act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life."

instructing that the jury could convict both Lamkin and Cree without finding that either intended to kill, see CALJIC 8.31, and the state court's rejection of Cree's claim wasn't an unreasonable application of clearly established federal law. See also Estelle v. McGuire, 502 U.S. 62, 71–72 (1991) (holding that an incorrect instruction is a basis for federal habeas relief only when it "so infected the entire trial that the resulting conviction violate[d] due process").

\*   \*   \*

For the reasons above, Cree's federal habeas petition is **DISMISSED in part** and **DENIED in part**.  No reasonable jurist would conclude that my rulings on Cree's ineffective assistance and jury instruction claims are debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Nor could reasonable jurists find that Cree stated a valid constitutional claim under Bruton, even if they might debate my procedural ruling.  See id.; see also supra at 5.  Cree therefore isn't entitled to a certificate of appealability.  See 28 U.S.C. § 2253(c).

January 6, 2011

_____
**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation